# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1660V
(not to be published)

| | |
|---|---|
| ROBERT MELE,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: July 8, 2022<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs; Hourly Rates; Duplicate Billing |

*David Matthew Moran*, Moran & Moran, P.C., Wexford, PA,, for Petitioner.

*Camille Michelle Collett*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On October 25, 2019, Robert Mele filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered from Guillain-Barré syndrome caused by an influenza vaccine administered on October 31, 2017. (Petition at 1). On October 29, 2021, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. (ECF No. 42).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated April 26, 2022 (ECF No. 48), requesting a total award of $36,076.09 (representing $34,310.80 in fees and $1,765.29 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that he incurred no out-of-pocket expenses. (ECF No. 48-1). Respondent reacted to the motion on April 29, 2022, indicating that he is satisfied that the statutory requirements for an award of fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. (ECF No. 49). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

**ATTORNEY FEES**

A.  <u>Hourly Rates</u>

Petitioner requests that I endorse the following hourly rates for attorneys David M. Moran, David C. Moran, and Sharon J. Moran:

|  | 2018 | 2019 | 2020 | 2021 |
|---|---|---|---|---|
| **D. M. Moran** | $407 | $415 | $433 | $455 |
| **D. C. Moran** | $317 | $324 | $338 | $338 |
| **S. J. Moran** | X | $324 | $338 | $338 |

(ECF No. 48 at 4).

I.  David M. Moran

David M. Moran ("DMM") was lead counsel for Petitioner for the duration of this matter. DMM is an experienced attorney, licensed in Pennsylvania since 1976 and placing him in the range of attorneys with over 31 years' experience. I find his requested rates to be reasonable and shall award them herein.

II.  David. C. Moran & Sharon J. Moran

David C. Moran ("DCM") has been licensed to practice law since 2000, placing him in the range of attorneys with 20 – 30 years' experience. (ECF 48-3 at 2). Sharon J. Moran has been licensed to practice since 2002, which places her in the range of attorneys with 11 – 19 years experience and 20 – 30 years of experience in this matter. However, independent research verified by this Court shows that both DCM and SJM are not admitted to practice in the Court of Federal Claims. An attorney who is not admitted to practice before this Court is not eligible to collect fees at an admitted attorney's rate for his work. *See Underwood v. Sec'y of Health & Human Servs.,* No. 00-357V, 2013 WL 3157525, (Fed. Cl. Spec. Mstr. May 31, 2013).

As such, the time billed by DCM and SJM must be compensated at non-attorney rates. I shall reduce their requested rates to the following: $153 for time billed in 2018; $156 for time billed in 2019; $163 for time billed in 2020; and $172 for time billed in 2021.

These rates are more in line to that of a supporting paralegal in the Vaccine Program. This results in a reduction of the attorney fees to be awarded of **$15,101.90**.[3]

### B. Duplicate Billing

Besides the above, the fees and costs award must also be reduced for excessive billing for work relating to internal communications and multiple people billing for the same tasks. Over 16 hours was billed for internal communication between DMM and his associate counsel, resulting in over $6,000.00 in requested fees.[4] Special Masters have previously reduced attorney fees awarded due to excessive and duplicative billing. *See Ericzon v. Sec'y of Health & Human Servs.*, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.*, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016). Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

This communication consists of the attorneys internally discussing case matters, multiple attorneys participating in conferences, and meetings with Petitioner. But the amount of internal communication and double tasks billed was excessive and unnecessary, and I therefore deny this request for reimbursement for these entries. For duplicate entries billed, only time billed by lead attorney David M. Moran will be awarded. This results in an additional reduction of the attorney fees by **$1,270.70**.[5]

## ATTORNEY COSTS

Petitioner requests $1,765.29 in overall costs. (ECF No. 48 at 14). This amount is comprised of obtaining medical records and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable, and shall award them in full.

---

[3] This amount consists of ($317 - $153 = $164 x 3 hrs = $492) + ($324 - $156 = $168 x 54.5 hrs = $9,156) + ($338 - $163 = $175 x 21.30 hrs = $3,727.50) + ($338 – $172 = $166 x 10.40 x $1,726.40) = $15,101.90.

[4] This amount includes the original hourly rates for DCM and SJM.

[5] This amount is calculated using the reduced hourly rates for DCM and SJM. ($153 x 3 hrs = $459) + ($156 x 2.8 hrs = $436.80) + ($163 x 2.3 hrs = $374.90) = $1,270.70.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs. I award a total of **$19,703.49** (representing $17,938.20 in fees and $1,765.29 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this Decision.[6]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.